**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kim Brown-Hunter, | ) | No. CV 11-02573-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Michael J. Astrue, Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff filed an application for disability insurance benefits and supplemental security income benefits on April 28, 2009. The claims were denied initially and upon reconsideration. Following a hearing on June 15, 2011, the administrative law judge ("ALJ") issued a decision finding that plaintiff was not disabled within the meaning of the Social Security Act, and denying benefits. The Appeals Council denied plaintiff's request for review on December 28, 2011, rendering the ALJ's decision final. Thereafter, plaintiff filed this action seeking judicial review pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). We have before us plaintiff's opening brief (doc. 16), defendant's answering brief (doc. 19), plaintiff's motion to exceed the page limits on her reply (doc. 20), plaintiff's reply brief (doc. 21), and the administrative record (doc. 12).

As an initial matter, we grant plaintiff's motion to exceed the page limits on her reply by one page (doc. 20). Plaintiff's opening brief challenges the ALJ's decision arguing that the ALJ erred by rejecting her symptom testimony. Plaintiff urges that we remand for an award of disability benefits.

1      A district court may set aside a denial of benefits "only if it is not supported by

2  substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954

3  (9th Cir. 2002).  Substantial evidence is "relevant evidence which, considering the record as

4  a whole, a reasonable person might accept as adequate to support a conclusion.  Where the

5  evidence is susceptible to more than one rational interpretation, one of which supports the

6  ALJ's decision, the ALJ's conclusion must be upheld." Id. (citation omitted).

7      Here, the ALJ  followed the Social Security Act's five-step procedure to determine

8  whether plaintiff is disabled.  See 20 C.F.R. § 416.920(a)(4).  First, the ALJ determined that

9  plaintiff meets the status requirements of the Social Security Act and has not engaged in

10  substantial gainful activity since the date of alleged onset. Tr. 40.  At step two, the ALJ

11  found that plaintiff suffered "severe" impairments including obesity, peripheral neuropathy,

12  lumbar degenerative disc disease, diabetes mellitus, and migraine headaches. Id.  At step

13  three, the ALJ found plaintiff's impairments do not meet the criteria listed in the regulations.

14  Tr. 41. Next, the ALJ determined that plaintiff has the residual functional capacity ("RFC")

15  to perform light work as defined in 20 C.F.R. § 404.1567(b). Tr. 41-44.  At step four,  the

16  ALJ concluded that plaintiff's RFC prevents her from performing her past relevant work. Tr.

17  44.  At step five, however, the ALJ concluded that plaintiff is not disabled because her RFC

18  does not preclude her from performing other work existing in significant numbers in the

19  national economy. Tr. 44-45.

20      Plaintiff argues that the ALJ failed to provide clear and convincing reasons for

21  rejecting her symptom testimony. We agree that absent affirmative evidence of malingering,

22  an ALJ must give clear and convincing reasons in order to reject the plaintiff's symptom

23  testimony. Molina v. Astrue, 674 F.3d 1104, 1112 -1113 (9th Cir. 2012) (citations omitted).

24  However,  the ALJ is not "required to believe every allegation of disabling pain." Id. When

25  weighing a plaintiff's credibility, "the ALJ may consider his reputation for truthfulness,

26  inconsistencies either in his testimony or between his testimony and his conduct, his daily

27  activities, his work record, and testimony from physicians and third parties concerning the

28  nature, severity, and effect of the symptoms of which he complains." Light v. Social Sec.

1   Admin., 119 F.3d 789, 792 (9th Cir. 1997) (citations omitted).  In addition, the ALJ may

2   consider the effectiveness of any pain medication.  Bunnell v. Sullivan, 947 F.2d 341, 346

3   (9th Cir. 1991).

4           We find the ALJ gave clear and convincing reasons to support his determination that

5   plaintiff's "impairments were less serious than she has alleged."  Tr. 44.  The ALJ identified

6   several inconsistencies between plaintiff's testimony and the record.  Specifically, the ALJ

7   noted that in May 2009 plaintiff "reported that she dropped a gallon container of milk due

8   to nerve damage, and she no longer drove," but at the hearing in June 2011 she testified that

9   she was able to drive, and could lift ten pounds.  Tr. 43.  The ALJ also noted that the June

10  2010 evaluation by Dr. Massrour, plaintiff's treating physician, indicated that the severity of

11  her pain averaged a "five" on a one-to-ten scale, and that medication provided 40  to 50

12  percent relief of her pain without side effects.  Dr. Massrour's testimony contradicts plaintiff's

13  hearing testimony that beginning in 2009 her back pain increased.  Tr. 41-42, 60.  Moreover,

14  the ALJ noted that in May 2011, another one of plaintiff's treating physicians, Dr. Cho,

15  reported her blood pressure and lower extremity edema had improved.  Tr. 42.  Finally, the

16  ALJ observed that in August 2009, September 2010, and March 2011, plaintiff reported that

17  her pain medications were "working well" and that she had no new symptoms.  Tr. 42-43.

18  Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an

19  allegation of excess pain, and those findings are supported by substantial evidence in the

20  record, "we may not engage in second-guessing."  Thomas, 278 F.3d at 958-59.  Therefore,

21  we conclude the ALJ did not err by rejecting plaintiff's symptom testimony.

22          **IT IS ORDERED GRANTING** plaintiff's motion to exceed the page limits on her

23  reply (doc. 20).  **IT IS FURTHER ORDERED AFFIRMING** the decision of the

24  Commissioner denying disability benefits.  The clerk shall enter final judgment.

25          DATED this 4th day of December, 2012.

26

27          _Frederick J. Martone_

28          _____
                        Frederick J. Martone
                        United States District Judge

- 3 -