**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim Brown-Hunter, ) | No. CV-11-2573-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The court has before it plaintiff's Motion for attorneys fees (Doc. 29), defendant's Response (Doc. 38), and plaintiff's Reply (Doc. 41). Plaintiff is entitled to fees under the EAJA unless the government's position was substantially justified. In affirming the Commissioner's denial of benefits, we concluded that the ALJ gave clear and convincing reasons to support his findings that plaintiff's impairments were less serious than she claimed. Doc. 22 at 3. Each inconsistency that we relied upon was identified by the ALJ. Id. We did not make independent findings. Nevertheless, the court of appeals thought we did. Slip Op. at 15. But in remanding for further administrative proceedings, even the court of appeals acknowledged that there remain "crucial questions" because of the "inconsistencies between [her] testimony and the medical evidence in the record." Slip Op. at 19. Taken as a whole, the opinion of the court of appeals suggests the ALJ's written decision suffered from technical rather than substantive defects.

Having carefully reviewed our order (Doc. 22) and the opinion of the court of appeals, we conclude that the government's position was substantially justified. Indeed, in light of this record, it would have been irresponsible for the government not to have defended this case. We would be greatly surprised if the outcome were to change on remand. The ALJ need only draw an even more detailed roadmap.

Accordingly, it is ORDERED DENYING plaintiff's Motion for attorneys fees. (Doc. 29).

DATED this 20th day of January, 2016.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge

- 2 -